UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| NARRAGANSETT INDIAN MEETING CHURCH, <br> Plaintiff, <br><br> v. <br><br> IRVING JOHNSON, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 1:21-cv-00332-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

## I. INTRODUCTION

The Narragansett Indian Meeting Church ("the Church") has alleged and supported in its Complaint that the defendant, Irving Johnson ("Mr. Johnson") an enrolled member of the Narragansett Indian Tribe, trespassed upon and removed trees from private Church property. The State of Rhode Island, in a separate state court case, charged Mr. Johnson with one count of vandalism and one count of willful trespass. *See* docket, R.I Super. Ct. W3-21-0030A. Mr. Johnson was tried by a jury and found guilty of both charges. He timely appealed the guilty verdict, and, in this Court, moved to stay discovery while the related criminal matter remains pending in the Rhode Island Supreme Court. (ECF No. 19.) Having reviewed Mr. Johnson's

1

memorandum in support of his motion and the plaintiff's memorandum in opposition, the Court GRANTS Mr. Johnson's motion to stay discovery.

## II. BACKGROUND

On July 23, 2014, the Narragansett Indian Tribe's Land and Water Resource Commission ("Commission") approved Mr. Johnson's request to construct a greenhouse on Tract #6 of tribal lands of which the Church claims to be the deeded owner. The Commission conditioned its approval on the following: (1) limited disturbance of soil and vegetation around the worksite and (2) leaving untouched all areas outside the work zone. The greenhouse was completed in 2015. In this court the Church has alleged that, on April 13, 2017, Mr. Johnson cut and removed three trees from Church property, near the greenhouse, without prior approval. The Church also alleged that on May 9, 2019, Mr. Johnson parked his "camping trailer" on Church property near the greenhouse, again without permission. Between 2017 and 2019, Mr. Johnson was served with four cease and desist orders.

Mr. Johnson maintains, and the Church does not refute, that he has since stopped all unauthorized tree cutting and has voluntarily vacated the property.

## III. STANDARD OF REVIEW

The First Circuit, in *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, has noted the following "typical" factors when ruling on a motion to stay discovery:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the

>  cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest.

385 F.3d 72, 78 (1st Cir. 2004).  The Court also considered the good faith of the litigants and the "foot-dragging" that had already occurred. *Id.* at 79.  The moving party bears a "heavy burden" of demonstrating a "clear case of hardship" if a stay is not issued. *Id.* at 77.  "The pendency of a parallel or related criminal proceeding can constitute [a good] reason" for a stay, although a parallel criminal proceeding is not dispositive. *Id.*  Finally, the decision whether to stay civil litigation is discretionary. *Id.*

## IV. ANALYSIS

### A. The First Factor

In the case before the Court the Church has a limited interest in proceeding expeditiously.  Mr. Johnson alleged, and the Church has not refuted, that he has voluntarily vacated Church property, removed the camping trailer, and ceased the removal of trees and disturbance of the land.  The Church awaits a decision on damages, a decision which it does not argue need be resolved expeditiously. Nor does the record suggest that postponement of the litigation would cause a prejudicial loss of evidence. *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997).

### B. The Second Factor

Mr. Johnson has argued, and the Court agrees, that his Fifth Amendment privilege against self-incrimination in the criminal case could be jeopardized if the matters go forward in tandem.  "The Fifth Amendment provides that '[n]o person…

shall be compelled in any criminal case to be a witness against himself.'" *Green v. Cosby*, 177 F. Supp. 3d 673, 679 (D. Mass. 2016). The Fifth Amendment applies with equal force to civil proceedings as it does to criminal proceedings. *Id.* Further, "the privilege covers not only answers that would themselves support a conviction, but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute… or which might lead to other evidence that could be used in a criminal prosecution against the witness." *Green*, 177 F. Supp. 3d at 679 (*citing In re Kave*, 760 F.2d 343, 354 (1st Cir. 1985)). "[A] defendant who waives his Fifth Amendment privilege in the civil case faces the prospect of incriminating himself by disclosing evidence that may tend to support a conviction." *Green*, 177 F. Supp. 3d at 679. Mr. Johnson argues that the discovery material proffered in response to the civil discovery requests could be used against him by the State of Rhode Island in the criminal matter. Both actions put the same contested facts in issue.

Along with the Fifth Amendment claim, Mr. Johnson makes the point that parallel discovery would give the State an unfair advantage. Unlike Fed. R. Civ. P. 34, which requires a party served with a discovery request to respond or object to the request, R.I. Super. R. Crim. P. 16 does not obligate the defendant to comply with discovery requests if he does not serve a discovery request on the State: discovery from a criminal defendant is only reciprocal. Mr. Johnson did not request discovery from the State in the original criminal case and may choose not to in a retrial if his appeal is successful. Discovery in the civil case could result in the State's having possession of material from him to which it would not otherwise be privy.

4

### C. The Third Factor

The First Circuit gives "substantial weight" to the convenience to the court. *Microfinancial*, 385 F.3d at 79. The Court "must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets." *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003). Delay here is likely to last a few months since the criminal case is proceeding through the pre-briefing process in the Rhode Island Supreme Court. *See* docket of R.I. Sup. Ct. SU-2023-0099. The Church does not point to any negative impact from the delay.

### D. Fourth Factor

There is a third party interested in the civil litigation before the Court—the Narragansett Indian Tribe. The Tribe, like the Church, alleges ownership over the property at the center of the dispute, but unlike the Church, the Tribe does not support its ownership claim with a deed. Therefore, the Tribe's interest in the litigation is minimal. More importantly, as Mr. Johnson is no longer entering the property, the Tribe's potential interest is not adversely affected.

### E. The Fifth Factor

The public has no specific interest in expeditious litigation because this civil case concerns trespass on private property. The Church does not point to any bad faith on the part of the defendant for his request to stay discovery. Mr. Johnson put forward a meritorious argument, sufficiently grounded in law, that suggests he would be substantially prejudiced if forced to defend both cases in tandem. While the civil

5

case has remained on the Court's docket since 2021, the delay was not caused by "the foot-dragging" of either party. *Microfinancial*, 385 F.3d at 79.

### F. Federal Rule 33/34 Waiver

The Church, in its objection to Mr. Johnson's motion to stay discovery, asserts that Mr. Johnson has "waived" any objection to interrogatories or requests for production of documents pursuant to Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(A) and (C). (ECF No. 20-1, at 1.) Rule 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Rule 34(b)(2)(A) gives every party served with a discovery request 30 days to respond. An objection to the discovery request, pursuant to Rule 34(b)(2)(C), "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). While the Court acknowledges, and Mr. Johnson accepts as true, the defendant's untimely discovery responses, for this decision, the Court finds the plaintiff's argument to be moot. Even if Mr. Johnson "waived" any objection to discovery requests under Rules 33 and 34, the prejudicial harm caused by a denial of the defendant's motion to stay discovery is "good cause" under Fed. R. Civ. P. 33(b)(4).

### V. CONCLUSION

The harm to Mr. Johnson if he were required to participate in concurrent discovery outweighs any incidental impact to the court or other parties. For the foregoing reasons, Mr. Johnson's Motion to Stay Discovery (ECF No. 19) is

6

GRANTED.  The parties shall notify the Court promptly upon the disposition of R.I. Sup. Ct. SU-2023-0099.


IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

August 9, 2023